2022–1044, 2022-1045, 2022-1084

United States Court of Appeals
for the Federal Circuit

LAITRAM, LLC,

*Appellant,*

v.

ASHWORTH BROS., INC.,

*Cross Appellant.*

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Inter Partes Review Nos. IPR2020-00593 and IPR2020-00594

**CROSS APPELLANT'S REPLY BRIEF**

Robert F. Altherr, Jr.
John R. Hutchins
Christopher B. Roth
BANNER & WITCOFF, Ltd.
1100 13th Street, NW
Suite 1200
Washington, DC 20005
Telephone: (202) 824–3000

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ iii

INTRODUCTION ........ 1

ARGUMENT ........ 1

I. ASHWORTH'S CROSS APPEAL IS PROCEDURALLY PROPER ........ 1

II. LEGAL ERROR BY THE BOARD RESULTED IN THE ERRONEOUS FINDING THAT CLAIM 10 WAS NOT OBVIOUS ........ 3

A. The Board Committed Legal Error By Not Finding Claim 10 Obvious Over Pupp and Roinestad Due to Laitram's Failure to Separately Argue Patentability of Claim 10 ........ 3

B. The Evidence Presented by Ashworth Proved Claims 9 and 10 are Obvious had the Board Not Erred in Failing to Consider what Roinestad as a Whole Disclosed to a POSITA ........ 4

1. The Board Erred in Determining that Ashworth's Petition Relied Only Upon Roinestad's Fig. 1 and Failing to Consider Roinestad's Fig. 11 which also Rendered Claim 10 Obvious in view of Pupp ........ 5

2. The Board's Erroneous Finding that Ashworth's Petition Relied Only Upon Roinestad's Fig. 1 to Disclose Elements of Claim 9 and its Failure to Consider Roinestad's Fig. 11 also Requires Reversal of its Holding that Claims 9 and 10 are not Obvious in view of Roinestad2 and Roinestad ........ 12

**TABLE OF CONTENTS** *(continued)*

Page

3. The Petition Did Not Seek to Combine Mutually Exclusive Figures, as Laitram Asserts, but Rather Properly Relied on Roinestad as a Whole ..........16

CONCLUSION ..........20

# TABLE OF AUTHORITIES

**CASES**

*Aventis Pharma S.A. v. Hospira, Inc.*,
637 F.3d 1341 (Fed. Cir. 2011) ....................2, 3

*Bailey v. Dart Container Corp.*,
292 F.3d 1360 (Fed. Cir. 2002) ....................2

*Boston Scientific Scimed, Inc. v. Cordis Corp.*,
554 F.3d 982 (Fed. Cir. 2009) .................... 11, 12, 19

*Callaway Golf Co. v. Acushnet Co.*,
576 F.3d 1331 (Fed. Cir. 2009) ....................2

*EWP Corp. v. Reliance Universal Inc.*,
755 F.2d 898 (Fed. Cir. 1985) ....................18

*In re Affinity Labs of Texas, LLC*,
856 F.3d 883 (Fed. Cir. 2017) ....................4

*In re Applied Materials, Inc.*,
692 F.3d 1289 (Fed. Cir. 2012) .................... 4, 18

*In re Heck*,
699 F.2d 1331 (Fed. Cir. 1983) .................... 4, 18

*In re Magnum Oil Tools Int'l, Ltd.*,
829 F.3d 1364 (Fed. Cir. 2016) ....................16

*Merck & Co. v. Biocraft Labs., Inc.*,
874 F.2d 804 (Fed. Cir. 1989) ....................18

*Paice LLC v. Ford Motor Co.*,
681 F. App’x 904 (Fed. Cir. 2017) ....................19

*SynQor, Inc. v. Artesyn Technologies, Inc.*,
709 F.3d 1365 (Fed. Cir. 2013) ....................2

*Therasense, Inc. v. Becton, Dickinson and Co.*,
593 F.3d 1325 (Fed. Cir. 2010) .................... 11, 19

*TypeRight Keyboard Corp. v. Microsoft Corp.*,
374 F.3d 1151 (Fed. Cir. 2004) ....................................................................2, 3

## INTRODUCTION

In its opening brief, Ashworth explained the legal error committed by the Board that warrants reversal of the Board's determinations that claim 10 of the '388 Patent was not obvious in view of Pupp and Roinestad and that claims 9 and 10 of the '388 Patent were not obvious in view of Roinestad2 and Roinestad. Laitram's response fails to provide a meaningful basis for upholding the Board's erroneous decisions.

The Court should reverse the Board's determination that Ashworth failed to show that claim 10 of the '388 Patent was obvious in view of Pupp and Roinestad and that claims 9 and 10 of the '388 Patent are unpatentable in view of Roinestad2 and Roinestad.

## ARGUMENT

### I. ASHWORTH'S CROSS APPEAL IS PROCEDURALLY PROPER

The Board found that claim 10 of the '388 patent, which depends from claim 9, was not obvious over the combination of either (1) Pupp and Roinestad or (2) Roinestad2 and Roinestad. Laitram does not dispute that the Court has jurisdiction over Ashworth's cross-appeal with respect to claim 10 or that if successful, the cross-appeal of dependent claim 10 would expand the scope of the judgment in Ashworth's favor. Laitram does argue wrongly that the Court lacks jurisdiction over Ashworth's cross-appeal of the Board's determination that claim 9 of the '388 patent is not obvious in view of the combination of Roinestad2 and Roinestad. Contrary to

Laitram's argument, the cross-appeal of claim 9 is absolutely necessary to expand the scope of the judgment in Ashworth's favor.

It is settled law that a dependent claim cannot be obvious over a prior art reference(s), if the independent claim (from which the dependent claim depends) is not also obvious over the same prior art reference(s). *SynQor, Inc. v. Artesyn Technologies, Inc.*, 709 F.3d 1365, 1375 (Fed. Cir. 2013); *Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1344 (Fed. Cir. 2009) (error to find dependent claim obvious when independent claim was not). As such, the cross-appeal of the Board's determination that claim 9 of the '388 patent is not obvious over Roinestad2 and Roinestad is a necessary prerequisite for the success of the cross-appeal of the Board's determination with respect to dependent claim 10, and thereby enlarges Ashworth's rights under the judgment. *See*, *Bailey v. Dart Container Corp.*, 292 F.3d 1360, 1362 (Fed. Cir. 2002). Indeed, it would have been illogical for Ashworth to appeal the Board's finding with respect to dependent claim 10 while accepting the finding with respect to independent claim 9.

Laitram's reliance on *Aventis* and *TypeRight* is misplaced. *See, Aventis Pharma S.A. v. Hospira, Inc.*, 637 F.3d 1341 (Fed. Cir. 2011); *TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151 (Fed. Cir. 2004). Unlike the present case, all asserted claims in *Aventis* were found invalid and unenforceable in the appealed ruling. The protective cross-appeal in *Aventis* was directed to a completely separate

basis for invalidity. There was no need in *Aventis*, as there is in the present cross-appeal, for a prerequisite finding of obviousness of the independent claim over the specific references asserted against the dependent claim at issue in the cross-appeal. *Aventis*, 637 F.3d at 1342. Similarly, *TypeRight* is also unlike the present cross-appeal. *TypeRight* involved a cross-appeal for narrower rights (non-infringement) of an underlying decision granting broader rights (invalidity of all claims). *TypeRight*, 374 F.3d at 1157. Accordingly, this Court has jurisdiction of the cross-appeal of claim 9 of the ’388 patent with respect to the combination of Roinestad2 and Roinestad.

## II. LEGAL ERROR BY THE BOARD RESULTED IN THE ERRONEOUS FINDING THAT CLAIM 10 WAS NOT OBVIOUS

### A. The Board Committed Legal Error By Not Finding Claim 10 Obvious Over Pupp and Roinestad Due to Laitram’s Failure to Separately Argue Patentability of Claim 10

The Board correctly found that independent claim 9 of the ’388 patent was obvious over the combination of Pupp and Roinestad. Claim 10 of the ’388 patent depends from claim 9 and adds the limitation “wherein the distance of the ridge from the vertical axis in the lower segment is constant below the portion that is tapered.” Appx00265 at 8:25-27. As set forth in Ashworth’s Principal and Response Brief at 66, Laitram never disputed that this further limitation of dependent claim 10 was disclosed to a POSITA by Roinestad’s Fig. 11 and Fig. 12 embodiment. See, Appx00910. Laitram’s sole argument to the Board that dependent Claim 10 was not

obvious over the combination of Pupp and Roinestad was, "[f]or the same reasons set forth above in the discussions of claim 9, claim 10 is not obvious in grounds I-V." Appx00910. In view of the Boards' determination that claim 9 was obvious over the combination of Pupp and Roinestad, and Laitram's failure to raise any independent basis for the patentability of claim 10, the Board erred in finding that dependent claim 10 was not obvious over the combination of Pupp and Roinestad. *See, In re Affinity Labs of Texas, LLC*, 856 F.3d 883, 897-898, n. 6, 7 (Fed. Cir. 2017) (patentee's failure to argue that the dependent claims were separately patentable from independent claims to the Board means the dependent and independent claims stand or fall together)

### B. The Evidence Presented by Ashworth Proved Claims 9 and 10 are Obvious had the Board Not Erred in Failing to Consider what Roinestad as a Whole Disclosed to a POSITA

Laitram argues that Ashworth is asking this Court to reweigh the evidence already considered by the Board. Laitram Resp. Br. at 45. That is not the case. It is well-settled that a prior art reference is a reference for all that it teaches a POSITA. *In re Heck*, 699 F.2d 1331, 1333 (Fed. Cir. 1983); *In re Applied Materials, Inc.*, 692 F.3d 1289, 1298-99 (Fed. Cir. 2012). Ashworth is asking the Court to correct the legal error committed by the Board in deviating from this principle, i.e., not considering the teaching of Roinestad as a whole by erroneously limiting the Board's consideration to the teachings of only a single one of the multiple Roinestad

embodiments presented by Ashworth to show the obviousness of claims 9 and 10 of the ’388 Patent.

#### 1. The Board Erred in Determining that Ashworth’s Petition Relied Only Upon Roinestad’s Fig. 1 and Failing to Consider Roinestad’s Fig. 11 which also Rendered Claim 10 Obvious in view of Pupp

Laitram asserts that Ashworth “does not dispute” the Board’s finding that Ashworth’s Petition relied on only Roinestad Fig. 1 for the shape of the drive tower (conical) to meet claim 9. Laitram Resp. Br. at 47. Laitram is wrong, as was the Board’s belief that the Petition did not rely on Fig. 11 and the Board’s subsequent failure to consider the teachings of Fig. 11 with respect to claim 10. *See*, Appx00080. Laitram’s argument and the Board’s belief is clearly contradicted by Ashworth’s Petition at Appx00312-00314, which explains how Pupp and Roinestad disclose claim element 9[d] and which relies upon Roinestad Fig. 1 and Fig. 11, not merely Fig. 1.

The Petition did not merely rely on the purely conical towers shown in Fig. 1 of Roinestad for element 9[d], or claim 9 overall, but instead clearly relied upon Roinestad’s teaching as a whole, including Fig. 1 and Figs. 11-13. This is clear from Ashworth’s Petition explaining how Pupp and Roinestad disclose claim element 9[d]:

> Roinestad expressly discloses substantially cylindrical drive towers (Fig. 5) as alternatives to conical or tapered drive tower (Fig. 1) and drive towers that combine tapered and cylindrical sections (Fig. 11)

*        *        *        *

> Thus, Pupp and Roinestad teach design options for a spiral conveyor system **drive tower that can be tapered/conical** or substantially cylindrical **in any particular section along the height of the drive tower**. Ex. 1003 at 4:14-15, 4:26-27, Figs. 5, 8; Ex. 1005 at 5:24-26, 12:37-48, **Figs. 1, 5, 11-13**; Ex. 1006, ¶¶ 81-82. The alleged invention would have been obvious because it is a simple design choice for a PHOSITA to combine tapered and non-tapered drive members disclosed in Pupp and Roinestad to provide a system in which the belt may be smoothly and economically driven under low tension.

Appx00312-00314 (emphasis added) The Petition, in addition to discussing these figures, excerpted them:



Ex. 1005, Figs. 1, 5, 11.

Appx00313. As set forth in Ashworth's Petition, Roinestad, in combination with Pupp, taught a POSITA "design options for a spiral conveyor system drive tower that can be tapered/conical or substantially cylindrical in any particular section along the height of the drive tower." *Id; See also,* Appx00628-00630, ¶¶ 81-82.

The Petition's further explanation of how Pupp and Roinestad disclose claim limitation 9[e] (expressly incorporating the discussion with respect to claim limitation 9[d]) also directly contradicts the Board's erroneous determination that "[p]etitioner relies on the shape of the purely conical towers shown in Figure 1 of Roinestad for element 9D, as well as claim 9 overall." (See, Appx00027). Ashworth's Petition with respect to element 9[e] states:

> Roinestad (Ex. 1005) teaches a spiral conveyor system with drive towers that combine tapered and non-tapered sections. In particular, as shown in figure 11 below on the right side, Roinestad discloses drive members (driving rods 304) in a lower segment at the bottom of the drive tower that are tapered along a portion of their length.
>
> * * * *
>
> It would have been obvious as a matter of design choice using common techniques to improve system operations to combine Roinestad's tapered lower segment with Pupp's drive members having an outwardly projecting ridge to provide positive drive, for the same reasons as discussed above with respect to claim element 9[d].

Appx00315-00316.

Laitram admits that Ashworth's Reply cited Roinestad's Figs. 1 and 11 for an element of claim 9, but argues that this was not enough as the Petition relied only on Fig. 1. Laitram Resp. Br. at 47. As discussed above, this is wrong, both the Petition and the Reply mapped Figs. 1 and 11 to claim 9 elements. *See Supra* at 5-7.

Laitram also argues that "Ashworth's expert "identified only Figure 1 for claim 9." Laitram Resp. Br. at 47. In actuality, Ashworth's expert declaration

submitted in support of the Petition clearly relies upon Roinestad Fig. 11 as well as Fig. 1 to disclose the elements of Claim 9 of the ’388 patent. As Ashworth’s expert declaration states:

> Roinestad also teaches to a PHOSITA a conveyor system having cylindrical drive towers where the outer ridges of the drive members are a **combination of tapered and non-tapered sections. Ex. 1005 (Roinestad ’659), Figs. 5, 11; 12:37-48. A particular example of this combination is shown below in portion of Figure 11** that shows drive members 303 each with a lower segment 304 at the bottom of the drive tower (12, 112, 13 or 113).
>
> * * * *
>
> A PHOSITA would have understood to combine this particular configuration of tapered and non-tapered sections of the outer edge of the drive members from Roinestad with the Pupp conveyor system as a matter of design choice to lower belt tension and reduce the amount of stress exerted on the belt.

Appx00628-00630 (discussing claim elements 9[d] and 9[e] and expressly including the portion of Fig. 11 of Roinestad showing the combination of tapered and non-tapered sections with the above discussion on Appx00629) (emphasis added); *See also*, Appx00313-00314 (quoted above and which cites to the expert declaration, Ex. 1006, ¶¶ 81, 82).

Laitram argues that, (1) “Ashworth does not explain why the Board erred when it held that Ashworth’s Petition had not adequately explained or supported how the proposed combination would rely on Figure 11’s shape for claim 10, when it relied on only Figure 1’s shape for claim 9”; and (2) “Ashworth did not explain

how its combination of two mutually exclusive shapes (Roinestad's Figure 1 and figure 11) for the same set of claims would render the challenged claims obvious." Laitram Response Br. at 48-49. However, these arguments rest on the faulty premise that the Petition relied solely on Fig. 1 of Roinestad. As discussed *supra*, this premise is proven false by the Petition and Ashworth's expert declaration, which expressly identify where elements of claim 9 are each separately disclosed in Roinestad Fig. 11 as well as Fig. 1, and detail Roinestad's teaching that tapered or non-tapered sections may be used anywhere along the height of the drive tower as a matter of design choice to lower belt tension and reduce the amount of stress exerted on the belt. *Supra* at 5-8.

It was erroneous for the Board to fail to consider Roinestad's teaching as a whole, including Fig. 1 and Figs. 11-13, which in combination with Pupp taught a POSITA "design options for a spiral conveyor system drive tower that can be tapered/conical or substantially cylindrical in any particular section along the height of the drive tower." Appx00313. As stated in the Petition:

> Thus Pupp and Roinestad teach design options for a spiral conveyor system drive tower that can be tapered/conical or substantially cylindrical in any particular section along the height of the drive tower. Ex. 1003 at 4:14-15, 4:26-27, Figs. 5, 8; Ex. 1005 at 5:24-26, 12:37-48, Figs. 1, 5, 11-13; Ex. 1006, ¶¶ 81-82. The alleged invention would have been obvious because it is a simple design choice for a PHOSITA to combine tapered and non-tapered drive members disclosed in Pupp and Roinestad to provide a system in which the belt may be smoothly and economically driven under low tension.

Appx00313.

Laitram's suggestion that the proposed combination mixes Fig. 1 with Fig. 11 in an unexplained fashion (Laitram Resp. Br. at 50) misstates the Petition's argument. Ashworth argued, and the Board should have considered, that Roinestad's use of a conical drive shape and mixed conical and cylindrical shapes taught a POSITA that it was a simple design choice to have a tapered or cylindrical section anywhere along the height of the drive tower to provide "a system in which the belt may be smoothly and economically driven under low tension." Appx00313. Roinestad is clear, referring to the common "driving drums" in its multiple embodiments in a similar numbering fashion and expressly stating alternative forms of the driving drums may be substituted for one another. *See, e.g.*, Appx00567 at 4:52-53 ("FIGURE 1 is a perspective view of a conveyor system according to the present invention;"; Appx00568 at 5:23-29 ("Belt 11 is passed in a helical configuration successively around each of a pair of upright frusto-conical **driving drums 12 and 13**. Each of the drums is tapered...") (emphasis added); Appx00567 at 4:61-62 ("FIGURE 5 is a perspective view of a further modified conveyor system according to the present invention;"); Appx00569 at 8:20-30 ("…As shown in FIGURE 5 the belt 111 is passed in a helical configuration successively around each of a pair of 30 upright **driving drums 112 and 113**.") (emphasis added); Appx00568 5:4-5 ("FIGURE 11 is a vertical sectional view of another modification of the

**driving drums**;") (emphasis added); Appx00571 at 12:30-33 ("Shown in **FIGURES 11 to 13 is another alternative form of driving drums 301 and 302 which may be substituted for the drums 112 and 113**.") (emphasis added). This Court has previously found that similar reference to common features provided an express teaching that it would be obvious to look to multiple embodiments with common elements that, when viewed together, contained the claim limitations at issue. *See*, *Therasense, Inc. v. Becton, Dickinson and Co.*, 593 F.3d 1325, 1335 (Fed. Cir. 2010) (finding that similar reference to the common "cover" elements in Figures 12 and 13 "provides an express teaching to look to other drawings in Nankai for common elements having the same number, such as the two covers (numbered "9") in Figures 12 and 13").

Moreover, the Board committed reversible legal error because a POSITA would have been able to combine Roinestad's embodiments as a matter of law. In *Boston Scientific Scimed, Inc. v. Cordis Corp.*, the Appellant argued that the district court erred in denying JMOL of invalidity due to obviousness over a single reference showing all the elements of asserted claim 8 in two figures (figures 3B and 4). This Court agreed, and found that as a matter of law it would have been obvious for a POSITA to combine the teachings of those figures:

> As we have explained, Wolff teaches all of the limitations of claim 8, and the record did not contain substantial evidence for the jury to conclude otherwise. The only qualification to this statement of fact is that all of the limitations are found in two separate embodiments

> pictured side by side in the patent, not in one embodiment. However, '[i]f a person of ordinary skill can implement a predictable variation, § 103 likely bars its patentability.' *KSR*, 127 S.Ct. at 1740. We agree with Cordis that one of ordinary skill in the art would have been motivated to combine the embodiment in figure 3B of Wolff with the embodiment in figure 4 of Wolff to arrive at a metal stent with two coating layers. Combining two embodiments disclosed adjacent to each other in a prior art patent does not require a leap of inventiveness.

*Id.*, 554 F.3d 982, 991 (Fed. Cir. 2009).

#### 2. The Board's Erroneous Finding that Ashworth's Petition Relied Only Upon Roinestad's Fig. 1 to Disclose Elements of Claim 9 and its Failure to Consider Roinestad's Fig. 11 also Requires Reversal of its Holding that Claims 9 and 10 are not Obvious in view of Roinestad2 and Roinestad

Laitram argues that the "Board correctly found that Ashworth's Petition relied on only Roinestad's Figure 1 for the shape of the drive tower to meet claim 9's limitation that the ridge's 'distance from the vertical axis varies from the bottom to the top of the drive tower'" and "relied on a different shape (Figure 11) for a *different* limitation of the same claim." Laitram Resp. Br. at 48 (emphasis in original).

As with the combination of Pupp and Roinestad above, Laitram's argument is incorrect and the Board made the same error of considering only the Fig. 1 embodiment (Appx00101) and not the Fig. 11 embodiment of Roinestad, both of which were specifically relied upon by the Petitioner and its expert and cited in the petition with respect to the limitations of claims 9 and 10. Appx00351-00352.

Ashworth's Petition specifically discusses how Roinestad2 and Roinestad disclosed the claim limitation 9[d] ("wherein each of the drive members includes an outwardly projecting ridge whose distance from the vertical axis varies from the bottom to the top of the drive tower"). Appx00350-00354. Contrary to Laitram's argument and the Board's finding, Petitioner did not rely only on Roinestad's Fig. 1 to meet claim limitation 9[d]:

> **Roinestad** (Ex. 1005), which is cited multiple times in Roinestad2, also expressly **discloses conical or tapered drive towers, e.g., Figure 1 drive towers 12 and 13**… **Roinestad also discloses** cylindrical drive towers (e.g., Figure 5 drive towers 112 and 113), and **drive towers having a combination of cylindrical and conical or tapered sections (e.g., Figures 11-13 drive towers 301 and 302**…
>
> * * * *
>
> it would have been known and immediately understood by a PHOSITA to combine Roinestad's tapered drive tower configuration with Roinestad2's positive drive, drive members having outwardly projecting ridges… as a mere matter of design choice.
>
> * * * *
>
> In addition to the implicit motivation to combine multiple references from the same author, **a PHOSITA would have been motivated to combine the elements disclosed by Roinestad2 and Roinestad** according to known methods with each element in such a combination performing the same function as it does in its originating disclosure. **Ex. 1006, ¶ 155.** The alleged invention would have been obvious because it is a **simple design choice for a PHOSITA to combine** the above tapered and non-tapered drive members having projecting ridges disclosed to a PHOSITA in view of the level of skill in the art (see e.g., Ex. 1008 at 9:10-14) by **Roinestad2 with the tapered and non-tapered drive tower section configurations disclosed in Roinestad (e.g., Figure 11)**.

Appx00351-00352 (emphasis added). In its discussion of claim element 9[d], Ashworth's Petition also included the cited Figs. 1, 5, and 11 of Roinestad:



Ex. 1005, Figs. 1, 5, 11.

Appx00351.

The Petition's discussion of how claim element 9[d] is rendered obvious by the combination of Roinestad2 and Roinestad continued:

> Roinestad discloses **dividing the height of the drive tower into cylindrical upper sections and an outwardly tapered lower segment section**, a PHOSITA would have a reasonable expectation that Roinestad2's and Roinestad's teachings could be combined as a simple matter of routine design choice.

Appx00353 (emphasis added). The Petition expressly describes the right side of Roinestad Fig. 11 (shown above) leaving no doubt that Ashworth relied on Roinestad Fig. 11 (as well as Fig. 1) to disclose claim element 9[d].

Accordingly, it was not inconsistent for the Petition to also rely upon Roinestad Fig. 11 (*see, e.g.*, Appx00354-00356) to disclose claim element 9[e] as well as claim 9 overall. The Petition properly relied upon Roinestad's teaching as a whole, including Fig. 1 and Figs. 11-13, which in combination with Roinestad2

taught a POSITA design options for a spiral conveyor system drive tower that can be tapered/conical or substantially cylindrical in any particular section along the height of the drive tower. (Appx00351-00352). It was the Board that erred in limiting its consideration of Roinestad to only the conical shaped embodiment disclosed in Fig. 1 and ignoring the portions of Ashworth's Petition also mapping Roinestad's Fig. 11 to claim 9.

Because the Board erred in determining that the Petition relied only on Roinestad Fig. 1 to disclose claim element 9[d], the Board also erred in failing to consider Roinestad's Fig. 11 with respect to dependent claim 10. This is particularly true in view of the fact that Laitram never disputed that this further limitation of dependent claim 10 was disclosed to a POSITA by Roinestad's Fig. 11 and Fig. 12 embodiment. See, Appx00910. Laitram's sole argument to the Board that dependent Claim 10 was not obvious was, "[f]or the same reasons set forth above in the discussions of claim 9, claim 10 is not obvious in grounds I-V." Appx00910. Accordingly the Board's determination that the combination of Roinestad2 and Roinestad did not render claims 9 and 10 of the '388 patent obvious should be reversed.

But for the Board's legal error of not considering the teachings of Roinestad as a whole to a POSITA, the indisputable evidence establishes that claims 9 and 10 would have been obvious in view of Roinestad2 and Roinestad and also that claim

10 would have been obvious in view of Pupp and Roinestad. Accordingly, the Board's determination with respect to the obviousness of claims 9 and 10 with respect to the combination of Roinetad2 and Roinestad and the Board's determination with respect to the obviousness of claim 10 with respect to the combination of Pupp and Roinestad should be reversed.

#### 3. The Petition Did Not Seek to Combine Mutually Exclusive Figures, as Laitram Asserts, but Rather Properly Relied on Roinestad as a Whole

Laitram embraces the Board's failure to view the teachings of Roinestad as a whole and further creates and shoots down a straw man argument that Ashworth did not make – namely, that a combination of two mutually exclusive shapes (Roinestad's Fig. 1 and Fig. 11) for the same set of claims renders the challenged claims obvious. *See* Laitram Resp. Br. at 49, *citing* Appx00080-00081; Appx00101-00103; and *Magnum Oil Tools*, 829 F.3d at 1380. However, as detailed above and in its Principal and Response Brief (pp. 62-70), Ashworth never argued that a combination of mutually exclusive shapes rendered the claims obvious. Rather, Ashworth complied with the particularity requirement of *Magnum Oil Tools* when it argued that the multiple embodiments of Roinestad (e.g., Fig. 1 and Fig. 11) taught to a POSITA that various conical and cylindrical cross sections could be combined in a drum, thus rendering claims 9 and 10 obvious in view of the additional teachings of Pupp or Roinestad2. As the Petition and the declaration of Ashworth's expert

explain, Roinestad's teaching as a whole, including Fig. 1 and Figs. 11-13, in combination with Pupp or Roinestad2, taught a POSITA design options for a spiral conveyor system drive tower that can be tapered/conical or substantially cylindrical in any portion of the height of the drive tower:

> As noted above in claim element 9[d], Roinestad2 and Roinestad disclose to a PHOSITA (Ex. 1008 at 9:10-14) a spiral conveyor wherein for any section along the height of the drive tower, the distance from the outer ridge of the drive rods to the vertical axis of the drive is either tapered or nontapered. Ex. 1007 at 4:48-52, Figs. 6, 8; Ex. 1005 at 12:37-48, Fig. 11-13; Ex. 1006, ¶ 156. Consequently, the alleged invention would have been obvious at least because it is a simple design choice for a PHOSITA to combine non-tapered and tapered sections as taught by Roinestad2 and Roinestad with Roinestad2's positive drive, outward projecting ridge, to provide a spiral conveyor with a drive tower having drive members with an outer ridge whose distance from the vertical axis in the lower segment is constant below the portion that is tapered, such as show below in Roinestad Figure 11 drive tower 302 (left side) and Figure 12.

Appx00358-00359; *See also*, Appx00312-00316; Appx00322-00323; Appx00351-00355; Appx00628-00630; Appx00632-00634; Appx00700-00702; Appx00705-00707; Appx01830-01833 (Tr. 25:6-28:24); and Appx01837 (Tr. 32:5-13) (clearly articulating that multiple embodiments of Roinestad were being relied on to teach or describe specific claim limitations as design options for a POSITA, as opposed to reliance on only the Figure 1 conical shape embodiment).

As noted in Ashworth's Principal and Response Brief (pp. 62-69), the Board's misunderstanding that Ashworth's Petition relied only on Roinestad Fig. 1's conical shape for claim element 9[d] caused the Board to disregard this Court's precedent

requiring that prior art references must be considered for everything they teach. *See, In re Heck*, 699 F.2d at 1333 (prior art references "are part of the literature of the art, relevant for all they contain.") (emphasis added); *In re Applied Materials*, 692 F.3d at 1298-99 ("A reference must be considered for everything that it teaches, not simply the described invention or a preferred embodiment."). Laitram does not dispute the correctness of this precedent or the multiple occasions this Court noted, applied, and upheld this principle such as in *Merck & Co. v. Biocraft Labs., Inc.*, 874 F.2d 804 (Fed. Cir. 1989). In *Merck*, this Court reversed a finding that the challenged claims were nonobvious over the prior art's teaching of the specific combination of chemicals even though that combination was merely disclosed as part of a larger genus and not further discussed as being particularly preferred. *Id.*, 874 F.2d at 807 ("the fact that a specific [embodiment] is taught to be preferred is not controlling, since all disclosures of the prior art . . . must be considered.").

This Court also applied this principle in *EWP Corp. v. Reliance Universal Inc.*, 755 F.2d 898 (Fed. Cir. 1985), when it reversed a ruling of nonobviousness. In *EWP*, the District Court failed to apply a prior art reference's teaching because the prior art was primarily directed to a different technology area than the claimed invention. However, other portions of the prior art reference recognized its applicability to the technology area of the claimed invention. *Id.*, 755 F.2d at 907 (holding "[a] reference must be considered for everything it teaches by way of

technology and is not limited to the particular invention it is describing and attempting to protect. On the issue of obviousness, the combined teachings of the prior art as a whole must be considered.”).

Likewise in *Therasense*, this Court upheld a jury’s determination of obviousness (and a subsequent denial of JMOL for validity) in view of a reference disclosing similarly numbered elements (e.g., ports in port covers) common to each of multiple embodiments but located in different locations. The Court found that the similar numbering provided an express unambiguous teaching of elements’ interchangeability and therefore disclosed all limitations of the claim. *Therasense*, 593 F.3d at 1336. Like the unambiguous teaching of the similarly numbered elements disclosed in the *Therasense* prior art reference, Roinestad’s description of its driving drums similarly provide an unambiguous teaching of their interchangeability. *See supra*, pp. 10-11; *See also*, *Boston Scientific*, 554 F.3d at 991, (“combining two embodiments disclosed adjacent to each other in a prior art patent does not require a leap of inventiveness.”) discussed *supra*, pp. 11-12; and *Paice LLC v. Ford Motor Co.*, 681 F. App’x 904, 917 (Fed. Cir. 2017) (finding board did not err “by combining elements from separate, allegedly incompatible embodiments in [a single set of references]” because “the combination of elements from the optimal and sub-optimal embodiments as a ‘predictable variation’ that does not ‘require a leap of inventiveness.’). Accordingly, this Court’s precedent supports

reversal of the Board's error in failing to consider the teachings of Roinestad as a whole with respect to obviousness of claims 9 and 10 of the '388 patent.

## CONCLUSION

Ashworth respectfully requests that the Court reverse the Board's Final Written Decision finding that Petitioner had not proven claims 9 and 10 of the '388 patent obvious over Roinestad2 and Roinestad and had not proven claim 10 obvious over Pupp and Roinestad and affirm all other findings of the Final Written Decisions.

Respectfully submitted,

Dated: August 31, 2022

/s/ Robert F. Altherr, Jr.

Robert F. Altherr, Jr.
John R. Hutchins
Christopher B. Roth
BANNER & WITCOFF, LTD.
1100 13th Street, NW
Suite 1200
Washington, DC 20005
Telephone: (202) 824–3000

*Attorneys for Cross-Appellant Ashworth Bros. Inc*

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a) or Federal Circuit Rule 28.1. This brief contains 4,868 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) or Federal Rule of Federal Circuit Rule 28.1 and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman, 14-point.

Dated: August 31, 2022

/s/ Robert F. Altherr, Jr.

Robert F. Altherr, Jr.
BANNER & WITCOFF, LTD.
1100 13th Street, NW
Suite 1200
Washington, DC 20005
Telephone: (202) 824–3000

*Attorney for Cross-Appellant*
*Ashworth Bros. Inc.*